# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRELL MORRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-11-243-RAW-KEW |
| | ) |
| JIM FARRIS, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

On August 27, 2014, Magistrate Judge West filed a Report and Recommendation, recommending that this action (commenced by petitioner's filing of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254) be dismissed because petitioner did not demonstrate relief was warranted. Petitioner has filed an objection. After review, the recommendation of the Magistrate Judge will be followed.

In his objection, petitioner cites the recent Supreme Court decisions of *Martinez v. Ryan,* 132 S.Ct. 1309 (2012) and *Trevino v. Thaler,* 133 S.Ct. 1911 (2013).

The Tenth Circuit has held that "*Martinez* is inapplicable when Oklahoma law permits a claim of ineffective assistance of trial counsel on direct appeal." *Hogan v. Trammel*, 511 Fed. Appx. 769, 775 (10th Cir. 2013) (citing *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012), *cert. denied*, 133 S.Ct. 2397 (2013)).

> In *Martinez v. Ryan* . . . the Court held that when state law prohibits a
> defendant from presenting a claim of ineffective assistance of trial counsel on

direct appeal, post-conviction counsel's deficient performance in failing to assert the claim on collateral review can serve as cause for the default. . . .

. . . *Martinez* was equally clear about what it did *not* hold, and these limitations make clear the case provides no help to Mr. Banks. The Court said in no uncertain terms that "[t]he rule of *Coleman* governs in all but the limited circumstances recognized here." *Id.* at 1320. *Martinez* applies only to "a prisoner's procedural default of a claim of ineffective assistance at *trial*," not to claims of deficient performance by appellate counsel. *Id.* at 1315 (emphasis added). And even then, it applies only when "the State barred the defendant from raising the claims on direct appeal," so that post-conviction proceedings are the petitioner's first opportunity to present the claim. *Id.* at 1320. None of this applies here, because Oklahoma law permitted Mr. Banks to assert his claim of ineffective assistance of trial counsel on direct appeal. *See Le v. State*, 953 P.2d 52, 56 (Okla. Crim. App.1998). Without the benefit of *Martinez*, *Coleman* tells us that the failure of Mr. Banks's post-conviction counsel to present his claim cannot serve as cause for the default.

*Banks*, 692 F.3d at 1147-48 (emphasis in original).

In *Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911 (2013), the Court found that "[t]he structure and design of the Texas system in actual operation, . . . make it "virtually impossible" for an ineffective assistance claim to be presented on direct review." *Id.*, 133

2

S.Ct. at 1915, (citing *Robinson v. State*, 16 S.W. 3d 808, 810-11 (Tex. Crim. App. 2000). Because of this "procedural regime," the Court concluded that the *Martinez* exception applied. *Id*. Oklahoma, however, does not follow the Texas procedure

It is the order of the court that the Report and Recommendation of the United States Magistrate Judge is hereby adopted and affirmed as the Order of the Court. Petitioner's petition pursuant to 28 U.S.C. §2254 is hereby DISMISSED.

**ORDERED THIS 30th DAY OF SEPTEMBER, 2014.**

**Dated this 30th day of September, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma